# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| ORTAVIOUS HOOD<br>7829 Euclid Avenue #601<br>Cleveland, Ohio 44103<br><br>    Plaintiff,<br><br>  v.<br><br>ANNETT HOLDINGS, INC.<br>d/b/a TMC Transportation<br>30301 Carter Street<br>Solon, Ohio 44139<br><br>  **Serve also:**<br>  ANNETT HOLDINGS, INC.<br>  c/o CT Corp. System<br>  Statutory Agent<br>  4400 Easton Commons Way,<br>  Suite 125<br>  Columbus, Ohio 43219<br><br>  -and-<br><br>NATIONAL STAR SERVICES, INC.<br>13 Black Walnut<br>Palos Park, Illinois 60464<br><br>  **Serve also:**<br>  NATIONAL STAR<br>  SERVICES, INC.<br>  c/o James F. Papas<br>  Statutory Agent<br>  17W729 Roosevelt Road<br>  Oakbrook Terrace, Illinois<br>  60181<br><br>    Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

# EXHIBIT A



Plaintiff, Ortavious Hood, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

## PARTIES AND VENUE

1. Hood is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Defendant Annett Holdings, Inc. d/b/a TMC Transportation ("TMC") is a foreign corporation, with a local office at 3031 Carter Street, Solon, Ohio 44139.

3. TMC is and, at all times herein, was an employer within the meaning of R.C. Chapter 4112.

4. Defendant National Star Services ("NSS") is a foreign corporation, that regularly conducts business in Cuyahoga County, Ohio.

5. NSS is and, at all times herein, was an employer within the meaning of R.C. Chapter 4112.

6. Todd Scales is a resident of the State of Ohio.

7. Thomas Gordon is a resident of the State of Ohio.

8. Junior Last Name Unknown ("Junior LNU") regularly conducts business in the State of Ohio.

9. Before filing this Complaint, Hood could not discover the last name of Junior LNU.

10. Hood has filed individual charges against Scales, Gordon, and Junior LNU with the Ohio Civil Rights Commission (OCRC) ("OCRC Individual Charges").

11. Upon receipt of the Right to Sue Letter for the OCRC Individual Charges, this Complaint will be amended to add the individual actors.

12. All of the material events alleged in this Complaint occurred in Cuyahoga County.

13. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. 2307.382(A)(1), (2), and (4).

14. Venue is proper pursuant to Civ.R. 3(C)(3) and (6).



15. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

16. Within 300 days of the conduct alleged below, Hood filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against TMC and NSS, Charge Nos. 532-2022-01547 and 532-2022-01548, respectively ("EEOC Charges").

17. Hood dually filed the EEOC Charges with the EEOC and the Ohio Civil Rights Commission.

18. On or about June 17, 2022, the EEOC issued Notice of Right to Sue Letters to Hood regarding the Charges of Discrimination brought in the EEOC Charges.

19. Hood received his Right to Sue letters from the EEOC in accordance with 42 U.S.C. 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A and B.

20. Hood has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

21. Hood has properly exhausted his administrative remedies pursuant to 29 C.F.R. 1614.407(b).

22. Hood has properly exhausted his administrative remedies pursuant to R.C. 4112.051 and 4112.052.

## FACTS

23. On or about February 4, 2021, Hood began working for Defendants.

24. Hood is African American.

25. Hood worked at TMC's Solon, Ohio location.

26. TMC is a flatbed trucking company.

27. NSS is a staffing agency.

28. TMC has a contract with NSS.

29. NSS assigns laborers to work in TMC's facility.



30. NSS hired Hood.

31. NSS paid Hood.

32. NSS assigned Hood to TMC's facility.

33. Hood worked in TMC's facility.

34. Hood performed work for TMC.

35. TMC supervised Hood's work.

36. TMC and NSS both had authority to terminate Hood's employment.

37. TMC employed Hood.

38. NSS employed Hood.

39. Defendants jointly employed Hood.

40. Hood's job title was "Tarper."

41. During Hood's employment, Hood's NSS supervisor was Junior LNU.

42. Junior LNU is Caucasian.

43. Junior LNU is an employee of NSS.

44. During Hood's employment, Hood's TMC supervisor was Thomas Gordon.

45. Gordon is Caucasian.

46. Gordon is an employee of TMC.

47. During Hood's employment, Hood's secondary TMC supervisor was Todd Scales.

48. Scales is Caucasian.

49. Scales is an employee of TMC.

50. Hood worked on TMC's second shift.

51. Three other NSS employees—DeAngelo Washington, Lyndell Washington, and Journess Norman—worked second shift with Hood.



52. DeAngelo Washington is African American.

53. Lyndell Washington is African American.

54. Journess Norman is African American.

55. Ray Ebie is a shag-truck driver in TMC's facility.

56. Ebie is an employee of TMC.

57. Ebie is Caucasian.

58. Ebie worked on second shift with Hood.

59. Ebie treated African American employees less favorably than Caucasian employees.

60. Ebie directed Hood and the other African American NSS employees not to speak to the shag-truck drivers.

61. Ebie directed TMC's shag-truck drivers not to speak to the African American NSS employees.

62. Ebie did not direct any Caucasian employees not to speak to the shag-truck drivers.

63. Ebie did not direct any shag-truck drivers not to speak to Caucasian employees.

64. Ebie referred to Hood as a "stupid mother fucker."

65. Ebie made the "stupid mother fucker" comment because of Hood's race.

66. Ebie stated, "I know your people were happy when Obama was in office."

67. Barack Obama was the first African American President of the United States.

68. Ebie referred to Obama's presidency because Obama is African American.

69. Ebie's mentioning "your people" in referencing Obama's presidency meant "African Americans."

70. Ebie referred to Hood as a "stupid monkey."

71. The comparison of African Americans to monkey is disparaging.

72. The "stupid monkey" comment was a raced base comment.



73. Ebie made frequent racist comments to Hood and other African American employee ("Racist Comments").

74. The Racist Comments included the "stupid monkey" comment.

75. The Racist Comments were unwelcomed by Hood.

76. The Racist Comments were opposed by Hood.

77. In or about April 2021, Hood reported the Racist Comments and unequal treatment by Ebie to Junior LNU.

78. In or about June 2021, Hood reported the Racist Comments and unequal treatment by Ebie to Scales.

79. In or about June 2021, Hood reported the Racist Comments and unequal treatment by Ebie to Gordon.

80. In or about June 2021, Hood reported the Racist comments and unequal treatment to TMC's corporate office.

81. Including the April 2021 and June 2021 reports to Junior LNU, Scales, Gordon, and TMC's corporate office, Hood made multiple reports of discrimination. ("Reports of Discrimination").

82. NSS did not investigate Hood's Reports of Discrimination.

83. TMC did not investigate Hood's Reports of Discrimination.

84. Defendants have a policy to investigate reports of discrimination.

85. Alternatively, Defendants do not have a policy to investigate reports of discrimination.

86. An investigation should include interviewing the complainant.

87. An investigation should include interviewing the subject of the complaint.

88. An investigation should include interviewing the subject of the reported discrimination.

89. An investigation should include interviewing witnesses to the reported discrimination.



90. An investigation should include getting a written statement from the complainant.

91. An investigation should include getting a written statement from the subject of the complaint.

92. An investigation should include getting a written statement from witnesses to the reported discrimination.

93. In response to Hood's Reports of Discrimination, Defendants did not interview Hood.

94. In response to Hood's Reports of Discrimination, Defendants did not interview Ebie.

95. In response to Hood's Reports of Discrimination, Defendants did not interview D. Washington.

96. In response to Hood's Reports of Discrimination, Defendants did not interview L. Washington.

97. In response to Hood's Reports of Discrimination, Defendants did not interview Norman.

98. In response to Hood's Reports of Discrimination, Defendants did not get a written statement from Hood.

99. In response to Hood's Reports of Discrimination, Defendants did not get a written statement from Ebie.

100. In response to Hood's Reports of Discrimination, Defendants did not get a written statement from D. Washington.

101. In response to Hood's Reports of Discrimination, Defendants did not get a written statement from L. Washington.

102. In response to Hood's Reports of Discrimination, Defendants did not get a written statement from Norman.

103. In response to Hood's Reports of Discrimination, Gordon stated that he would set a meeting with management, Hood, D. Washington, L. Washington, Norman, and Ebie to resolve the conflict.

104. A meeting between management, Hood, D. Washington, L. Washington, Norman, and Ebie was not scheduled.



105. After Defendants did not properly address Hood's Reports of Discrimination, Hood contacted TMC's Corporate office again in or about the end of August 2021.

106. TMC's Corporate office did not complete an investigation into Hood's August 2021 complaint.

107. TMC's Corporate office did not take any action to protect Hood from discrimination.

108. On or about September 13, 2021, TMC terminated Hood's employment.

109. On or about September 13, 2021, NSS terminated Hood's employment.

110. Hood has been provided three different reasons for his termination.

111. Following termination, Scales stated that Hood's termination was because TMC was no longer using NSS for staffing.

112. Following termination, Junior LNU stated to Hood that TMC was making budget cuts and would only be keeping one temporary employee.

113. In a position statement submitted to the EEOC, TMC and NSS asserted that Hood's termination was based on performance and attendance issues.

114. TMC has a progressive disciplinary policy.

115. Under the progressive disciplinary policy, Hood had only received a verbal warning for performance and/or attendance issues.

116. Under the progressive disciplinary policy, Hood did not been given a written warning for performance and/or attendance issues.

117. Under the progressive disciplinary policy, Hood had not been given a final written warning for performance and/or attendance issues.

118. Under the progressive disciplinary policy, Hood had not been given a suspension for performance and/or attendance issues.



119. Prior to terminating Hood, Defendants never issues any written communication criticizing Hood's performance or attendance.

120. Defendants' assertions of performance and attendance issues have no basis in fact.

121. Defendants' assertions of performance and attendance issues did not actually motivate Defendants' decision to terminate Hood.

122. Defendants' assertions that TMC was no longer contracting with NSS has no basis in fact.

123. Defendants' assertion that TMC was no longer contracting with NSS did not actually motivate Defendants' decision to terminate Hood.

124. Defendants' assertion that TMC was making budget cuts and would only be keeping one temporary employee has no basis in fact.

125. TMC continued to employee more than one temporary employee following the termination of Hood.

126. Defendants' assertion that TMC was making budget cuts and would only be keeping one temporary employee did not actually motivate Defendants' decision to terminate Hood.

127. Defendants providing three different reasons for Hood's termination indicates pretext.

128. On or about September 13, 2021, Defendants terminated Hood's employment because of his race.

129. On or about September 13, 2021, Defendants terminated Hood's employment because he complained about race discrimination.

130. As a direct and proximate result of Defendants' conduct, Hood suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.



## COUNT I: RACE DISCRIMINATION IN VIOLATION OF R.C. 4112.02(A)

131. Hood restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

132. Throughout his employment, Hood was fully competent to perform his essential job duties.

133. Defendants treated Hood differently than other similarly-situated employees based on his race.

134. Defendants violated R.C. 41102.02(A) by discriminating against Hood due to his race.

135. Defendants created a hostile work environment based on Hood's race.

136. Defendants took adverse employment actions against Hood based on his race.

137. On or about September 13, 2021, Defendants terminated Hood's employment based on his race.

138. As a direct and proximate result of Defendants' conduct, Hood has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: RETALIATION IN VIOLATION OF R.C. 4112.02(I)

139. Hood restates each and every prior paragraph of this complaint, as if it were fully restated herein.

140. During his employment, Hood opposed race discrimination by reporting said discrimination, including but not limited to Hood's Reports of Discrimination.

141. In response to Hood's opposition to racial discrimination, Defendants took adverse actions against Hood.

142. Defendants' actions made it less likely for a reasonable employee to oppose unlawful discrimination.



143. Pursuant to R.C. 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section..."

144. Defendants' actions amount to unlawful retaliation in violation of R.C. 4112.02(I).

145. As a direct and proximate result of Defendants' conduct, Hood suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Hood respectfully requests that this Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Defendants to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;



(b) Issue an order requiring Defendants to restore Hood to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Hood for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Hood's claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

                                        Respectfully submitted,

                                        /s/ Rocco J. Screnci
                                        Brian D. Spitz (0068816)
                                        Rocco J. Screnci (0100333)
                                        **SPITZ, THE EMPLOYEE'S LAW FIRM**
                                        25825 Science Park Drive, Suite 200
                                        Beachwood, OH 44122
                                        Phone: (216) 291-4744
                                        Fax:  (216) 291-5744
                                        Email:  brian.spitz@spitzlawfirm.com
                                                         rocco.screnci@spitzlawfirm.com

                                        *Attorneys For Plaintiff Ortavious Hood*



## JURY DEMAND

Plaintiff Ortavious Hood demands a trial by jury by the maximum number of jurors permitted.

/s/ Rocco J. Screnci
Brian D. Spitz (0068816)
Rocco J. Screnci (0100333)
SPITZ, THE EMPLOYEE'S LAW FIRM



EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Ortavious Hood<br>2525 Kemper Rd. Apt 100<br>Cleveland, OH 44120 | **From:** Cleveland Field Office<br>1240 E 9th St, Suite 3001<br>Cleveland, OH 44199 |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2022-01548 | Legal Unit | (267) 589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.
>
> The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred *more than 2 years (3 years)* before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough
06/17/2022

**Karen McDonough**
**Acting Cleveland Field Office Director**

Enclosures(s)

cc: Bessie Letsos
info@nationalstarservices.com
Harry J Secaras
Ogletree Deakins Nash Smoak & Stuart
harry.secaras@ogletree.com

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** — **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** — **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Ortavious Hood**
2525 Kemper Rd. Apt 100
Cleveland, OH 44120

From: **Cleveland Field Office**
1240 E 9th St, Suite 3001
Cleveland, OH 44199

EEOC Charge No.
**532-2022-01547**

EEOC Representative
**Legal Unit**

Telephone No.
**(267) 589-9707**

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

　　Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

　　The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred *more than 2 years (3 years)* before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

　　　　　　　　　　　　　　　　On behalf of the Commission

　　　　　　　　　　　　　　　　Digitally Signed By: Karen McDonough
　　　　　　　　　　　　　　　　06/17/2022
Enclosures(s)　　　　　　　　　 **Karen McDonough**
　　　　　　　　　　　　　　　　**Acting Cleveland Field Office Director**

cc:　**Melissa Zollman**
　　 **TMC Transportation**
　　 melissa.zollman@tmctrans.com
　　 **Harry Secaras**
　　 harry.secaras@ogletree.com

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



# Common Pleas Court of Cuyahoga County, Ohio
## Nailah K. Byrd, Clerk of Courts

## INSTRUCTIONS FOR SERVICE

Ortavious Hood
Plaintiff(s)

Case Number _____

Vs.
Annett Holdings, Inc., et. al.
Defendants(s)

Judge: _____

Date: 9/2/2022

**Method of Service Requested:**

Certified Mail Service ✔  Ordinary Mail Service ☐

Personal Service by the Sheriff of _____ County ___

Residence Service by the Sheriff of _____ County ___

Personal Service By Process Server ___

Residence Service by Process Server ___

Civ.R. 4.7 Waiver Requested ___

**Name(s) and Address(es) of Parties to Serve:**

ANNETT HOLDINGS, INC. d/b/a TMC Transportation 30301 Carter Street Solon, Ohio 44139

ANNETT HOLDINGS, INC. c/o CT Corp. System Statutory Agent 4400 Easton Commons Way, Suite 125 Columbus, Ohio 43219

NATIONAL STAR SERVICES, INC. 13 Black Walnut Palos Park, Illinois 60464

NATIONAL STAR SERVICES, INC. c/o James F. Papas Statutory Agent 17W729 Roosevelt Road Oakbrook Terrace, Illinois 60181

**Additional Instructions:**

_____

_____

Filing Party Name: Rocco J. Screnci    Supreme Court ID if applicable: 0100333

Phone Number: 216.291.4744

*For Use by Sheriff or Process Server Only*

Number of Service Attempts: ___

Electronically Filed 09/02/2022 10:28 / / CV 22 968242 / Confirmation Nbr. 2642803 / CLAJB

Address for Service if Different from address included above: _____